* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission rejects the findings of fact and conclusions of law by Deputy Commissioner Phillips and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as: *Page 2 
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. The date of the alleged injury giving rise to plaintiff's claim is June 11, 2003.
3. At all relevant times, an employment relationship existed between plaintiff and defendant, Broyhill Furniture Industries, Inc.
4. On June 11, 2003, the defendant employed three or more employees.
5. Defendant is a duly qualified self-insured, and CompManagment, Inc., is the Third Party Administrator for workers' compensation claims for defendant.
6. Plaintiff was earning $10.89 per hour at the time of the injury.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On the date of hearing before the deputy commissioner, plaintiff was 45 years old. Plaintiff is a Spanish speaking individual.
2. On or about June 11, 2003, plaintiff was employed by defendant as a Tilt Machine Operator. Plaintiff's job duties included working at the end of a conveyer belt machine to prepare furniture for shipping.
3. On June 11, 2003, plaintiff contends that he was pulling down a large chest of furniture, item number 44, off of a conveyer belt, because it was damaged. Plaintiff contends that while bending over and lifting the furniture piece, he felt intense pain in his back that was *Page 3 
indescribable. Plaintiff contends that he reported the lifting incident to his supervisor, Ronnie Raby, on the date of the incident.
4. Rogelio Martinez replaced plaintiff on the assembly line after plaintiff was sent to see a physician. Rogelio Martinez was not an eyewitness to plaintiff's alleged accident. Mr. Martinez testified that he heard from individuals in the plant that a piece of furniture, number 44, fell on top of plaintiff. However, Mr. Martinez was not made aware of any accident by Mr. Raby.
5. Plaintiff presented to Broyhill Family Health Center on June 11, 2003 accompanied by a female interpreter. Plaintiff complained of right CVA pain of several days in duration which was aggravated by certain movements. Dr. Templon's examination revealed right CVA somewhat tender and moderate pain with percussion. Dr. Templon prescribed Vicodin for plaintiff and told plaintiff to return if the pain persisted and if he did not pass a kidney stone. Dr. Templon's impression was renal-ureter colic, right. Plaintiff denied any urinary symptoms or problems with kidney stones. Plaintiff's medical records from Dr. Templon did not mention a workplace lifting incident.
6. Plaintiff returned to Dr. Templon on June 18, 2003. Dr. Templon used a Language Line Interpreter to communicate with plaintiff. On this date, plaintiff complained of constant, less severe pain, in the right CVA and, at times, in the right hypogastric region. Dr. Templon's notes regarding plaintiff's treatment on this date do not mention a workplace lifting incident.
7. Plaintiff presented to Dr. Ho with Caldwell Urology Associates on July 2, 2003. Dr. Ho reviewed the CT scan previously performed on June 24, 2003, and opined that the CT scan showed no evidence of stones. Plaintiff's complaint was pain in his right lower back. *Page 4 
Plaintiff was taken out of work until July 14, 2003. Plaintiff explained to Dr. Ho that he began to experience this pain after lifting something heavy at work. From the period of July 2003 through November 7, 2003, Plaintiff continued to seek treatment for right flank pain.
8. On July 21, 2003, plaintiff was evaluated by Dr. Reginald Moore. Dr. Moore noted that plaintiff spoke broken English, but was able to adequately communicate with his treating health care provider. On this date, plaintiff complained of right flank pain. Dr. Moore's notes do not mention a workplace lifting incident.
9. On November 7, 2003, plaintiff was evaluated and treated for hypertension by Dr. Gale Hamilton-Brandon. Dr. Hamilton-Brandon's notes on this date are devoid of any mention of a workplace lifting incident.
10. On April 14, 2004, plaintiff, accompanied by an interpreter, presented to Dr. James R. Thompson. Plaintiff complained of a yearlong history of back pain, which hurt when he did a lot of lifting, pulling, and tugging. Plaintiff also complained of right arm pain, reflux symptoms, and abdominal pain. Plaintiff's medical records with Dr. Thompson do not note a workplace lifting incident.
11. On July 8, 2004, Plaintiff presented to Dr. Ralph Maxy with Carolina Orthopedic Specialists. Plaintiff on this date did allege that he was involved in a work related injury. Dr. Maxy ordered an MRI, which revealed degenerative disk disease at L4-5 and L5-S1 and disk herniations at both levels and significant spinal stenosis at both levels. Dr. Maxy opined on July 15, 2004, based upon the history given by plaintiff that the pathology plaintiff complained of may have originated from the work related accident. Plaintiff was given light duty restrictions on July 15, 2004, which continued through November 2004. *Page 5 
12. Plaintiff last worked with defendant on July 31, 2004. Plaintiff has not worked since.
13. Plaintiff contends that Mr. Raby, plaintiff's immediate supervisor, was immediately notified that plaintiff hurt his back while lifting a piece of furniture. Mr. Raby testified that he was able to communicate with plaintiff as plaintiff spoke some English. Mr. Raby testified that plaintiff approached him on June 11, 2003 and informed him that he needed to see a doctor; however, plaintiff never informed Mr. Raby of a lifting incident. According to Mr. Raby, plaintiff made no mention of a workplace injury until July 2004.
14. Mr. Raby testified that every piece of furniture that enters onto the conveyor belt is scanned and would be reflected in a document entitled Daily Production Report. Mr. Raby testified that upon review of the daily production reports, they did not reflect that the furniture piece number 44 entered the conveyor belt on which plaintiff worked from June 9, 2003 through June 11, 2003.
15. Renee Ingram, a Human Resource Manager for defendant, testified that it was defendant's policy to send workers who were injured to Caldwell Industrial Medicine rather than the Broyhill Family Clinic.
16. Plaintiff contends that he used Hugo Soto, a bilingual former co-worker of plaintiff, to communicate and report his injury to Mr. Raby; however, Mr. Soto denied performing such translation. Mr. Soto testified that although plaintiff complained of arm and neck difficulties, he never heard plaintiff inform him or others that he injured his low back while at work.
17. In assessing the credibility of plaintiff, in light of the credible testimony of Rodney Raby, Renee Ingram, and Hugo Soto, the Full Commission finds plaintiff's testimony *Page 6 
not credible. The greater weight of the evidence establishes that plaintiff did not suffer an injury by accident or specific traumatic incident on June 11, 2003.
18. Plaintiff failed to prove by the greater weight of the competent evidence that he sustained an injury by accident arising out of and in the course and scope of his employment or a specific traumatic incident during his employment with defendant.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff must prove that he sustained a compensable injury by accident. The greater weight of the evidence establishes that plaintiff did not sustain a compensable injury by accident or a specific traumatic incident of the work assigned while employed with defendant. N.C. Gen. Stat. § 97-2(6).
2. The cause of plaintiff's back condition is a complicated medial question requiring expert testimony. Plaintiff failed to present expert medical opinion regarding the cause of plaintiff's complaints of back pain. Therefore, plaintiff has failed to establish a causal connection between his back condition and his employment with defendant. Click v.Pilot Freight Carriers, Inc., 300 N.C. 164, 265 S. E. 2d 389 (1980).
3. As plaintiff has failed to establish a work related injury and has failed to establish a causal connection between his back condition and his employment with defendant, plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act for his alleged back condition. N.C. Gen. Stat. § 97-2.
 * * * * * * * * * * * *Page 7 
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for benefits is hereby DENIED.
2. Defendants shall bear the costs of this action.
This the 15th day of June, 2007.
S/ ___________________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
 S/___________________ LAURA K. MAVRETIC COMMISSIONER